S. Samuel Di Falco, S.
The trustee is accounting for a trust created under paragraph fourth of the will of testatrix for the benefit of Caroline E. Griffin and requests a construction of the will in order to determine to whom the corpus of the trust is now payable.
Testatrix died on March 4,1924. By paragraph fourth of her will she bequeathed to a trustee the sum of $15,000 and such additional sums as may be received by the trustee under the residuary clause, with income payable to her niece, Caroline E. *565 Griffin, for life. Upon the latter’s death the corpus was to be divided equally per capita among the niece’s sisters “ as shall then be living ’ ’. A similar trust was created under paragraph sixth of the will for her niece, Alice D. Stone, for life, except that the remainder of that trust upon the death of the beneficiary was payable to her issue. Under paragraphs third and fifth testatrix also created trusts, one for the benefit of Grace H. Pugh, another niece, and the other for the benefit of Thomas Pugh, a nephew, with the direction that, upon their respective deaths, the corpus of each trust was to be divided in equal shares per capita among the persons named as residuary legatees as shall be living at her or his death. Paragraph twenty-first of the will directed that the residuary estate be divided into as many equal shares as there were nieces, except Grace H. Pugh, surviving the testatrix. (She was survived by five nieces other than Grace H. Pugh.) She then gave three shares outright to three named nieces. She directed that one share be added to the trust created under paragraph fourth for the benefit of Caroline E. Griffin and that the other share be added to the trust created under paragraph sixth for the benefit of Alice D. Stone.
Caroline E. Griffin died on January 27,1956. All of her sisters had predeceased her. Thomas Pugh, beneficiary of the trust under paragraph fifth, also predeceased her. Upon her death the trust accounted for consisted of (1) the original $15,000 set up for her benefit under paragraph fourth, (2) a share of the residuary estate, (3) a share of the remainder of the trust for Grace H. Pugh and (4) a share of the remainder of the trust for Thomas Pugh. The question presented is what disposition should be made of the remainder of Caroline E. Griffin’s trust.
Since this remainder was bequeathed to Caroline’s sisters her surviving and since all of them predeceased her, the disposition of the remainder became ineffectual. It therefore passed under the residuary clause of the will, which included “ lapsed legacies and property undisposed of by this will or as to which the disposition above provided for shall fail to take effect ”.
As stated above the residuary estate is directed to the divided into five shares, three shares outright to named nieces, one in trust for Alice D. Stone and one in trust for Caroline E. Griffin. As to Caroline E. Griffin the will directed her share of the residuary estate to be added to the trust for her benefit under paragraph fourth. It would be futile now that she is deceased, to add such share of the residuary to her trust under paragraph fourth only to have it come back into the residuary estate with diminished amounts and then go through the same procedure again. As was said in Matter of Lanier (196 Misc. 96,100,101):
*566 " There exists no basis for repaying any part of this fund to the trust from which it is derived only to go through an identical procedure again and again as diminished shares each time come into the trust.” (See, also Matter of Friend, 168 Mise. 607, affd. 257 App. Div. 924, mod. on other grounds 283 N. Y. 200; Matter of Macy, 72 N. Y. S. 2d 481.) Accordingly the entire corpus of the trust for Caroline E. Griffin should be divided into four equal shares instead of five. Three fourths of the original corpus of $15,000 and the original part of the residuary estate which had been added to that trust have been held for one life only, i.e., Caroline E. Griffin, and one-fourth thereof for the additional life of Alice D. Stone. Thus there was no violation of the statutes and these two shares of the remainder therefore passed, one fourth each to the estates of the three nieces who received outright residuary bequests and one fourth to the issue of Alice D. Stone. As to the other two shares of the remainder of the trust for Caroline E. Griffin, which were received from the remainders of the trusts for Grace H. Pugh and Thomas Pugh, a slightly different result obtains. The estates of the three nieces, outright legatees under the residuary estate, are entitled to one fourth each of these shares of the remainder. Since however the fourth share which is directed to be added to the trust for Alice D. Stone has already been held in trust for Caroline E. Stone and Grace Pugh, or Caroline E. Griffin and Thomas Pugh, to add it to the share directed to be held in trust for Alice D. Stone would constitute a violation of the Statute against Perpetuities. As the remainder to the issue of Alice D. Stone is contingent, as a gift to a class, and cannot be accelerated, this one-fourth share passes as intestate property.
If the special guardian’s report when filed, contains no objections to the account, a decree may be submitted upon notice construing the will and settling the account accordingly.